Oabuthees, J.,
delivered tbe opinion of the court.
The defendant, Hughes, brought ejectment against complainant, for a tract of land. This bill is filed to enjoin the same, upon the ground that the deed of Hughes, from the sheriff, is fraudulent, and should be annulled. Freeland had a note against Penn, and the same is assigned to Hughes, who recovered a judgment upon it, before a justice of the peace, who issued an execution, which was levied on his land, and returned to court, where it was condemned, and an order of sale-issued, under which Hughes purchased, and took the sheriff’s deed. This title is attacked in the bill upon two grounds. 1st: That the assignment of the note by Freeland to Hughes, was fraudulent, and without consideration; and 2nd: There was personal property of Penn known to the sheriff, that was subject to the execution, at the time the land was levied on. The truth of both charges are denied in the answer, and we think, are not sustained by the proof. But if they were made out, we do not think the title of Hughes would be invalidated.
It is not controverted, that the debt against Penn, in favor of Freeland, was just; it is not impeached by the bill; but the objection is, that the transfer of the note to Hughes, was not founded on any consideration, or that it was a fraudulent contrivance. This, if true, would be a question between Hughes and Freeland, as to the proceeds of the sale; or between Penn, the maker, and Hughes, the endorser, in a suit upon the note. No *563 one else would bare any right to question it. Much less would it affect tbe title of a purchaser under a sale made to enforce the collection of the debt. Certainly the complainant, as purchaser under a deed of trust made by Penn, covering the same land, could not be allowed to make the objection, as Penn could not have done so himself. It is a question of priority of divestiture of title out of Penn. The levy of Hughes’ execution, being before the registration of the deed of trust, under which complainant claims, constitutes, when regularly pursued to a sale, by the sheriff, and deed from him to the purchaser, the first and best title to whatever right Penn had to the land, at the time of the levy. This title cannot be collaterally attacked upon the ground that the judgment creditor is liable to some accountability on the note on which he sued, to a previous holder. It is true, that a title derived under a fraudulent arrangement, between Penn and Hughes, by which a debt would be created, for the purpose of defeating others, might contaminate the whole proceeding, and overthrow any title that might be derived under it. But if the debt was just against Penn, it cannot be perceived how objections to its transfer, could affect a sale made for its collection. The fact that the land was bid off by the judgment creditor, even if he were guilty of fraud upon his endorser, in procuring the note, which is not proved in this case, would make no difference in the principle above laid down. The land of the same debtor, from whom both parties derive their title, was still properly liable to this debt, and it would be too late, even for the debtor, to object to the judgment and execution, because he had his day before the tribunal which rendered the judgment, to make such *564 defense. He would not be heard after the sale of his property, to make a question on that point. If this were not so, there would be no safety in purchasing at execution sales.
As Mr. Dice claims under a deed of trust made by Penn, after the levy in the other case, he stands in his shoes in this respect, and is equally precluded from making the objection. There are cases in which a purchase at a sale by a stranger to the judgment and execution, will get a good title, and the creditor in the execution would not. Such would be the case of a sale made under erroneous process. But that distinction has no application to this case. The process here, was not erroneous or irregular. The objection is not to the process, but to the title of the judgment creditor to the debt sued upon, on the ground, not that the endorsement was not made to him, but because he gave no consideration for it, or that it was fraudulent. There is, then, nothing fatal to the deed of Hughes in this objection. Nor is there any more, in our ojainion, in the second point. It is the duty of the sheriff to levy executions on the personal estate, if any can be found, before he interferes with real estate. But it has never been held, that the omission of the sheriff to do his duty in this respect, will invalidate sales made by him, of realty. The title of the purchaser is good; the statute on that subject being only directory; but he is liable to the defendant in the execution.
This direction of the law is only intended for the benefit of the debtor, and as it is alone intended for the protection of his interest, no other person can take advantage of it, or sustain objection to a title derived under such improper levy and sale. But if this were *565 otherwise, the proof in this case does not show that the defendant, Penn, had any personal property, known to the sheriff, upon which he could have levied. lie proves that there was no personal property, unencumbered, known to him.
There is, therefore, no ground made out in this case, to justify the interposition of a court of equity, and the bill was properly dismissed.
"We affirm the decree.